In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00241-CV

_____

**IN RE LAMAR UNIVERSITY, KENNETH EVANS, CATHERINE BLANCHARD, JEFF BELL, AND MARCO BORN**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. E-201,876**

**MEMORANDUM OPINION**

In this original mandamus proceeding, Relators, Lamar University, Kenneth Evans, Ph.D., Catherine Blanchard, Jeff Bell, and Marco Born, contend: (1) the trial court abused its discretion by allowing discovery that is irrelevant and not reasonably calculated to lead to admissible evidence; and (2) the trial court also abused its discretion by granting the discovery motion before deciding the jurisdictional challenges raised in response to the motion for expedited discovery and the pending plea to the jurisdiction. The real parties in interest, Holly Bruder and Allison Honkofsky, contend that the trial court has not ruled on the plea to the jurisdiction

1

because Relators failed to provide proper notice of the hearing, and that the trial court acted within its discretion when it ordered limited discovery in response to issues raised by the plea to the jurisdiction. We stayed further proceedings in the trial court and, after considering the petition and response, the parties' arguments, and the law applicable to this mandamus proceeding, we conditionally grant mandamus relief.

Background

Lamar University is a member institution of the Texas State University System under the management and control of the System's board of regents. *See* Tex. Educ. Code Ann. § 96.701 (West 2002). Bruder and Honkofsky were the head coach and assistant head coach for Lamar's softball team. Lamar's Athletic Director, Marco Born, placed Bruder on administrative leave on April 27, 2018, and notified Bruder that her employment was terminated as of May 11, 2018. On May 17, 2018, Honkofsky was notified that her employment was terminated effective August 31, 2018.

On May 16, 2018, Real Parties sought to initiate grievances and appeals with Lamar's Director of Human Resources. Bruder complained that she was not provided notice of the decision to put her on leave or to terminate her employment pursuant to section 5.6.8 of Lamar University's policy. In her letter, Bruder stated

2

that Born failed to articulate a rational basis for terminating her employment and that the conduct of Born and other Lamar employees violated her due process rights as a public employee. Additionally, Bruder stated that she believed this conduct was discriminatory based upon her gender and sexual orientation. Honkofsky complained that she was not provided notice of the decision to terminate her employment pursuant to section 5.6.8 of Lamar University's policy. Honkofsky stated that Born failed to articulate a rational basis for terminating her employment and that the conduct of Born and other Lamar employees violated her due process rights as a public employee. Additionally, Honkofsky stated that she believed this conduct was discriminatory based upon her gender and sexual orientation. On May 23, 2018, Honkofsky supplemented her previous complaint to add that Born created a hostile work environment by his repeated threats to her employment and to the employment of others. On May 31, 2018, Lamar's Human Resources Director, Jeff Bell, notified Bruder that Chapter V, section 2.15 of the Texas State University System rules and regulations applied and a hearing officer had been appointed.

On June 6, 2018, Real Parties sued Lamar, seeking a declaratory judgment that section 5.6 of the Lamar University Human Resources Policy Manual provides the applicable grievance and appeal procedures. Real Parties amended their petition to add what they describe as "*ultra vires* claims" against Born, Bell, Lamar

3

University President Kenneth Evans, and Associate Vice-President for Human Resources Catherine Blanchard, in their official capacities. Real Parties allege that the government officials are refusing to follow Lamar's policy manual with respect to grievances and appeals, and that the refusals constitute *ultra vires* acts because they are unlawful and directly contrary to Lamar's official policy. As relief, Real Parties sought a temporary restraining order prohibiting Lamar and its employees from taking any further action under the Texas State University System rules and a mandatory permanent injunction compelling Lamar to follow section 5.6 of the Lamar University Human Resources Policy Manual with respect to Real Parties' grievances and appeals. In a separate motion, Real Parties requested expedited discovery to occur before the scheduled temporary injunction hearing.

On June 8, 2018, Relators filed a plea to the jurisdiction in which they alleged that, as at-will employees, Real Parties have no right to a grievance or appeal for employment termination in accordance with the Texas State University System's Rules and Regulations, which govern Lamar's actions and supersede Lamar University's Policies and Procedures in accordance with the conflict provision of the System's Rules and Regulations. Relators alleged that Real Parties failed to plead a valid cause of action to overcome Lamar's sovereign immunity. On June 8, 2018, Relators gave notice of a hearing on their plea to the jurisdiction to be held on

4

Monday, June 11, 2018. Real Parties objected to having less than three days' notice and requested a continuance until they could conduct discovery and develop the case on their *ultra vires* claims.

The trial court conducted a hearing on June 11, 2018. The trial court granted Real Parties' motion for a continuance on the plea to the jurisdiction. Arguing against a temporary restraining order, Relators also argued that no further "adverse actions" could occur because the Real Parties' employment with Lamar had already been terminated. The parties ultimately agreed on the record to the entry of a temporary restraining order holding the Texas State University System's procedure as contained in the TSUS Rules and Regulations in abeyance until the temporary injunction hearing set for July 9, 2018. The trial court held a telephone conference on June 13, 2018, in which Relators objected to including some additional language in the Order that included a prohibition of adverse employment action in the temporary restraining order because they had not agreed to it. On June 14, 2018, the trial court signed a temporary restraining order that prohibited Relators from conducting any grievance proceedings or meetings with respect to Real Parties, under the System's Rules and Regulations, and from "taking any further adverse employment actions" against them. Rejecting Relators' argument that the plaintiffs were not entitled to discovery prior to a ruling on the plea to the jurisdiction because

the requested discovery was unnecessary to resolve the plea, on June 15, 2018, the trial court granted Real Parties' motion for expedited discovery and ordered Relators to file their objections to discovery by June 19, 2018, and serve their discovery responses by June 29, 2018. Relators filed a Petition for Mandamus relief on June 19, 2018. We stayed all discovery and all further proceedings in the trial court and denied the Real Parties' request to lift the stay to allow a contempt hearing to proceed. The Real Parties filed a response, Relators then filed a reply, and the Real Parties filed a sur-reply.

Mandamus Review

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "Mandamus relief is available when a trial court compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). "If an appellate court cannot remedy a trial court's discovery error, then

6

an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

When a plea raises jurisdictional issues, "[t]he trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A trial court abuses its discretion when it subjects a governmental unit to pre-trial discovery and the costs incident to litigation without ruling on a plea to the jurisdiction. *City of Galveston v. Gray*, 93 S.W.3d 587, 591-92 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). The trial court's refusal to rule on the plea to the jurisdiction deprives the governmental unit of its substantial right to an accelerated appeal. *Id.* at 592.

A trial court has discretion to permit the parties to conduct limited discovery on jurisdictional issues. *In re CMM Const. Co., Inc.*, No. 09-05-096-CV, 2005 WL 913438, at *2 (Tex. App.—Beaumont Apr. 21, 2005, orig. proceeding). In this case, however, the trial court ordered expedited discovery on matters unrelated to jurisdiction. The trial court's decision to allow expedited discovery that is unrelated to the jurisdictional issue that is before the trial court was an abuse of the trial court's discretion to control discovery in the case. *See City of Galveston*, 93 S.W.3d at 591-92.

Real Parties argue the trial court granted a continuance of the plea to the jurisdiction because Relators filed the plea less than three days before the June 11th hearing, and as a result the trial court has not refused to rule on the plea to the jurisdiction. However, the trial court conducted another hearing on June 13th, more than three days after the plea to the jurisdiction was filed, then granted merits-based discovery without considering and ruling on Relators' challenge to the trial court's subject matter jurisdiction. Because the trial court's order subjects Relators to the burden and expense of litigation before their claims of immunity from suit have been determined and Relators have been deprived of their right to an accelerated appeal, Relators lack an adequate remedy by appeal. *Id.* at 592.

Accordingly, we lift our stay order and conditionally grant the petition for a writ of mandamus. We are confident the trial judge will vacate its order of June 15, 2018, granting expedited discovery and rule on the plea to the jurisdiction. A writ shall issue only if the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on July 2, 2018
Opinion Delivered August 16, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.